# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| X TECHNOLOGIES, INC. | § | |
| | § | |
| v. | § | SA-10-CV-665-XR |
| | § | |
| MARVIN TEST SYSTEMS, INC. | § | |

## ORDER

On this day came on to be considered Plaintiff's motion to modify judgment (dkt. no. 175), Defendant's renewed motion for judgment as a matter of law (dkt. no. 176), and Plaintiff's motion to file exhibits under seal (dkt. no. 183).

## Background

This case was tried to a jury. The jury found that the Defendant was liable to the Plaintiff for breach of contract, awarded $336,000 in damages for breach of the teaming agreement, but denied relief on the remaining claims. Defendant argues that it is entitled to judgment as a matter of law because Plaintiff failed to present any evidence that Defendant's actions caused any damage to Plaintiff. Plaintiff argues that no evidence was presented to the jury that the United States Air Force would have awarded Plaintiff a contract based upon Plaintiff's bid price of $3.2 million.

## Standard of Review

"A motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 405 (5th Cir. 2007) (quotation marks and citation omitted). The motion should be granted "only when the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Id.* (quotation marks and citation omitted).

## Analysis

Defendant relies upon the trial testimony of Michael Garner, the USAF contract negotiator regarding the solicitation at issue. In response to a question from Defendant's counsel, Mr. Garner stated that during the time frame the bids from Plaintiff and Defendant were being evaluated, the USAF was not considering awarding a bid for $3.2 million. Inasmuch as Plaintiff's bid was for $3.2 million, Defendant argues that Plaintiff would have never been awarded a contract from the USAF.  In order to prevail on their breach of contract claim, plaintiffs must establish (1) the existence of a valid contract between plaintiffs and defendant, (2) plaintiffs' performance or tender of performance, (3) defendant's breach of the contract, and (4) plaintiffs' damage as a result of the breach.  *See Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Hackberry Creek Country Club. Inc. v. Hackberry*

*Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App.-Dallas 2006, pet. denied). Accordingly, Defendant argues that Plaintiff failed to establish the final element of its breach of contract claim.

The jury, however, found that a teaming agreement existed between the parties. Pursuant to that agreement, the jury concluded that Defendant breached the agreement by submitting an independent bid to the USAF. Absent Geotest's bid, Plaintiff would have been the sole bidder for the solicitation. The jury heard testimony that the solicitation involved updating test systems for missiles critical to the Air Force. During the first round of solicitations (restricted to small businesses), the Plaintiff was the sole bidder. During the second phase of solicitations, (full, open competitive), Plaintiff and Defendant were the only bidders. The jury did not hear any testimony from Mr. Garner as to what would have occurred if Plaintiff was the sole bidder during phase two. Mr. Garner merely testified as a fact witness as to what occurred during both phases of the solicitation process. The jury heard testimony that Plaintiff's bid was "technically acceptable", and that its pricing was fair, reasonable and consistent with industry custom. The jury also heard testimony that Plaintiff successfully procured contracts with the United States on various occasions. Mr. Garner testified that if it had been determined the Government would enter into discussions with Plaintiff, he would have "sat down" with Plaintiff and proceeded with such discussions. Given that absent Defendant's breach of the teaming agreement Plaintiff would have been the sole bidder on a critical missile testing contract, the jury

was free to reach a conclusion that the USAF would have reevaluated its costs and pricing data and entered into an agreement with the Plaintiff. With regard to Defendant's argument that the damage claims are contingent, speculative, or conjectural, it is true that losses must be the natural, probable, and foreseeable consequence of the defendant's conduct. *See Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981). Texas law, however, allows two broad categories of damages-direct and consequential. *Id.*; *see also Frost National Bank v. Heafner*, 12 S.W.3d 104, 110 n. 5 (Tex. App.-Houston [1st Dist.] 1999). "Direct damages are those which naturally and necessarily flow from a wrongful act, or are so usual an accompaniment of the kind of breach alleged that the mere allegation of the breach gives sufficient notice, and are conclusively presumed to be foreseen or contemplated by the party as a consequence of his breach of contract." *Hess Die Mold, Inc. v. American Plasti-Plate Corp.*, 653 S.W.2d 927, 929 (Tex. App.-Tyler 1983, no writ); *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex.1997). Consequential damages may be recovered only if proved to be "the natural, probable, and foreseeable consequence" of the defendant's breach. *Mead*, 615 S.W.2d at 687. In this case damages are recoverable because Defendant was aware that Plaintiff was the only bidder during phase 1 of the solicitation, and Defendant foresaw that if it submitted an independent bid, it would at a minimum establish itself as a competitor and impede Plaintiff's sole bidder status.

With regard to Plaintiff's motion to modify judgment, Plaintiff requests that the Judgment previously entered be amended to specifically award attorney's fees and pre-judgment interest. That motion is granted.

## Conclusion

Plaintiff's motion to modify judgment (dkt. no. 175) is granted. Defendant's renewed motion for judgment as a matter of law (dkt. no. 176) is denied. Plaintiff's unopposed motion to file exhibits under seal (dkt. no. 183) is granted.

It is so ORDERED.

SIGNED this 1st day of February, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE